NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN HUGGINS, | No.   18-16022 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00590-DCB |
| v. | |
| WALBRO, LLC, a foreign LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Before:  LUCERO,** CALLAHAN, and BADE, Circuit Judges.

Kathleen Huggins contends that Walbro, LLC unlawfully denied her a

promotion based on her age and sex.  The district court granted summary judgment

in Walbro's favor, and Huggins appeals.  We review de novo, *Shelley v. Geren*,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

666 F.3d 599, 604 (9th Cir. 2012), and affirm.[1]

We evaluate Huggins's claims under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), which first requires Huggins to establish a prima facie case of age and sex discrimination. *Shelley*, 666 F.3d at 608. If she succeeds, the burden shifts to Walbro "to articulate a legitimate non-discriminatory reason" for not promoting her. *Id.* Huggins then must show that there is a genuine issue of material fact as to whether Walbro's purported rationale is merely pretext for discrimination. *Id.*

Without deciding whether Huggins states a prima facie case of discrimination, we conclude that she fails to raise a triable issue of fact as to whether Walbro's proffered explanation for not promoting her was pretextual. Walbro asserts that it did not promote her because she never applied for the position and was unqualified in any event. To prevail, Huggins must offer "specific and substantial" evidence of pretext. *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (citation omitted). In addition, because Walbro's CEO earlier promoted Huggins and, months later, denied her the promotion at issue here, Walbro is entitled to the "same-actor" inference.[2] *Id.* at 1096-98. A

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

[2] Huggins contends that the inference applies neither at summary judgment nor in cases not involving the hiring and firing of an employee. She is

2

case survives summary judgment in the face of the inference "only . . . *if* a plaintiff can muster the extraordinarily strong showing of discrimination necessary to defeat [it]." *Id.* at 1097.

Huggins's evidence falls short of this burden. Walbro sought candidates with experience influencing Japanese corporate boards. Huggins acknowledges that this qualification was of "paramount importance" to Walbro, yet she fails to show that she possesses the requisite experience. She points out that she spent a year at a Japanese-owned company in the nineties and twelve years in Japan leading a church congregation. But even assuming that these positions qualify her for the promotion, she did not include them on her resume. She therefore cannot fault Walbro for not considering the entirety of her experience. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (providing that it is the employer's subjective belief that matters, not whether the proffered reasons are objectively false).

Huggins further contends that Walbro shifted its stance over the course of this dispute. Admittedly, Walbro's argument that Huggins never applied contradicts the position statement that the company filed with the Arizona Attorney

---

mistaken; courts "must" consider the inference at summary judgment, *Coghlan*, 413 F.3d at 1098, and it "applies to favorable employment actions other than hiring, such as promotion," *Schechner v. KPIX-TV*, 686 F.3d 1018, 1026 (9th Cir. 2012) (citation omitted).

General. Yet this change in position fails to discredit Walbro's consistent explanation that it found Huggins unqualified. *See Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 600 (9th Cir. 1993) ("Where . . . an employer articulates several alternative and independent legitimate nondiscriminatory reasons, the falsity of one does not necessarily justify the finding that the remaining articulated reasons were pretextual." (internal quotations and citation omitted)).

Huggins also points to an alleged inconsistency in Walbro's argument that it initially reached out to a female to fill the position. She asserts that Walbro's CEO stated in his deposition that he contacted a female former colleague not to gauge her interest in the job, but to ascertain if she knew of any possible candidates. However, the deposition transcript reveals no such contradiction. The context makes clear that the CEO was interested in recruiting the woman with whom he spoke. Accordingly, Huggins fails to present the "strong case of bias" necessary to overcome the same-actor inference, *Coghlan*, 413 F.3d at 1098, and the district court properly granted Walbro's motion for summary judgment.

**AFFIRMED.**